IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID LEE OLIVER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-347 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner DAVID LEE OLIVER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. Petitioner is presently incarcerated at the Jordan Unit in Pampa, Texas pursuant to a 2003 conviction for the offense of delivery of a controlled substance out of the 265th Judicial District Court of Dallas County, Texas, and the resultant 8-year sentence. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief is without merit and should be DENIED.

### I.
### PETITIONER'S ALLEGATIONS

Petitioner appears to argue:

1. He is being denied due process and being denied access to the courts as a result of a posted prison rule which forbids inmates using the prison law library from using the restroom in the education building, where the law library is located; and

    2.      He is being discriminated against because he is not allowed to use the restroom in the education building whereas inmate students taking classes are allowed to use such facility.

## II.
## EXHAUSTION OF STATE COURT REMEDIES

It is not entirely clear to this Court that petitioner has satisfactorily exhausted all available state court remedies with regard to the grounds he raises in this proceeding. Petitioner alleges he has pursued this matter through the prison grievance procedure. However, even if petitioner has not exhausted his claims, this Court is authorized to deny relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Since petitioner's habeas claim is without merit, this Court may deny relief on such claim without dismissing for failure to exhaust.

## III.
## MERITS OF PETITIONER'S ALLEGATIONS

Petitioner complains of a rule posted by prison officials on February 28, 2005. According to petitioner, such rule forbids inmates utilizing the prison law library, which is located in the educational building, from using the educational inmates' restroom. Petitioner contends this violates his due process rights and specifically his right to uniform access to the courts. Petitioner further alleges the prison rule is discriminatory because the inmates enrolled in an educational program are allowed to use the restroom facility.

Petitioner's allegations challenge the conditions of petitioner's confinement. A challenge to conditions of confinement must be presented as a civil rights complaint under 42 U.S.C. §1983. Petitioner's claims are not cognizable in a habeas corpus action.

This Court declines to redesignate petitioner's claims as a civil rights lawsuit, since doing so would obligate petitioner to pay the $350.00 filing fee.  Petitioner is the one who must decide if he wishes to pursue this claim in a separate civil rights lawsuit, which requires submission of a complaint on the 42 U.S.C. §1983 form as well as the payment of the filing fee either in full or in installments pursuant to the PLRA.  Additionally, it is noted petitioner appears to have been sanctioned and barred from filing lawsuits pursuant to 42 U.S.C. §1983 unless a $120.00 filing fee in a previous case has been paid or unless he is granted leave to file by a judicial officer.  Petitioner has not provided any documentation such fee had been paid or that he has been granted leave.  Petitioner is admonished it is his responsibility to seek such permission should he choose to file a §1983 action.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner DAVID LEE OLIVER be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>18th</u> day of January 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).